# BERWIND-WHITE COAL MINING COMPANY
## v.
# BORINQUEN SUGAR COMPANY.

On Exceptions of Wm. S. Marr and Others to Report of Special Master Mott.

---

San Juan, Equity, No. 897.

### CLASSIFICATION OF CLAIMS.

Master's Report—Restating Allowances.

1. Where a master's report merely restates claims as previously ruled on by the court, an exception will be overruled.

Same—Unnecessary Finding.

2. The court will not pass upon the recommendation of the master which has become immaterial through subsequent proceedings in the case.

Trustee—Individual Bondholders.

3. The trustee is the mortgagee for the purposes of procedure,.

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

unless shown to be derelict in his duty, and voluntary applications by individual bondholders will be disregarded.

Opinion filed October 6, 1914.

———

*Messrs. Savage & Francis* for exceptors.

HAMILTON, Judge, delivered the following opinion:

These are exceptions filed by owners of second mortgage bonds of the defendant company, and in part by an owner of first mortgage bonds. They except to certain parts of the report of Special Master Mott as to the classification of claims and order of priority of preferred claims.

The report of the master as to the Yabucoa Sugar Company has already been refused confirmation on the exception of the receiver. The present exceptors, therefore, have all the benefit of this action of the court, regardless of the question of their having any standing in court.

1. The exception as to the preferences of the West India Oil Company and other preferred creditors could not be sustained if before the court. The court at a previous term fixed the priority of these claimants, and the action of the special master was merely restating that ruling and will not now be disturbed. The decree of March 6, 1914, is the law of this case.

2. It is not necessary to pass at present upon the recommendation of Master Mott as to sale of certain lands to pay the preferred claims. The settlement which has been decreed in the court is based upon another view of the facts, and makes this finding now immaterial.

3. Exceptions 4 and 5 relate to the omission of the special master to list the mortgage and unpaid coupons among the preferred claims and in the schedule of priorities. These parties have filed other pleadings seeking to raise this same question. These have been overruled on the ground that such steps should be taken by the trustee for the bondholders, and not by the individual bondholders, unless some showing is made that the trustee has improperly refused to act. The same rule would apply to the present exceptions. The trustee is the mortgagee for purposes of· procedure, unless shown to be derelict in his duty.

It follows, therefore, that the exceptions are overruled.